IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HALLMARK LICENSING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No. 25-cv-04970 <br><br> **Judge Lindsay C. Jenkins** <br><br> **Magistrate Judge Heather K. McShain** |

**PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Hallmark Licensing, LLC ("Plaintiff") moves this Honorable Court to reconsider its decision denying Plaintiff's Motion for Entry of a Temporary Restraining Order [16] without prejudice. [25]. Plaintiff previously addressed the asset restraint issues raised by the Court in its Supplemental Memorandum [14]. In that same filing, Plaintiff also requested that, in the alternative, the Court enter an asset restraint limited to proceeds attributable to Defendants' infringing conduct. Plaintiff understood this limited asset restraint to be consistent with the Court's position[1]. Plaintiff submits herewith two proposed Temporary Restraining Orders ("TRO").

In addition to the arguments made in Plaintiff's Supplemental Memorandum [14], *Wham-O Holding v. The Partnerships, et al.*[2] overlooks the accounting of profits carveout in the Supreme Court's "particular funds or property" language from *Great-West Life & Annuity Ins. Co. v. Knudson*, which read: "for restitution to lie in equity, the action generally must seek not to impose

---

[1] *See, e.g., NBA Properties, Inc. v The P'ships, et al.*, No. 24-cv-12583 (N.D. Ill. Jan. 6, 2025) (No. 36) (unpublished) (Alexakis, J.); *Harley-Davidson Motor Complaint, Inc. v. The P'ships, et al.*, No. 25-cv-04553 (N.D. Ill. May 15, 2025) (No. 35) (unpublished) (Daniel, J.); *Converse Inc. v. The P'ships, et al.*. No. 25-cv-01048 (N.D. Ill. Feb. 4, 2025) (No. 21) (unpublished) (Shah, J.).
[2] No. 24-cv-12523 (N.D. Ill. Feb. 20, 2025) (No. 39).

1

personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." 534 U.S. 204, 214-15 (2002). But, the Supreme Court went on to explain that "[t]here is a limited exception for an accounting for profits, a form of equitable restitution that is not at issue in this case. If, for example, a plaintiff is entitled to a constructive trust on particular property held by the defendant, he may also recover profits produced by the defendant's use of that property, even if he cannot identify a particular *res* containing the profits sought to be recovered." *Id.* at 215 n. 2; *see also Pender v. Bank of Am. Corp.*, 788 F.3d 354, 364-65 (4th Cir. 2015) ("[accounting of profits is] akin to a constructive trust, but lacks the requirement that plaintiffs 'identify a particular *res* containing the profits sought to be recovered.'" (citation omitted); 1 Dan B. Dobbs, *Law of Remedies* § 4.3(1), at 588 (2d ed.1993) ("Unlike the [constructive] trust, however, accounting does not seek any particular *res* or fund of money; the defendant will be forced to yield up profits, but the defendant can pay from any monies he might have, not some special account.").

Here, Plaintiff is seeking an accounting of profits, which is an equitable remedy under the Lanham Act and Copyright Act, seeking to disgorge Defendant's ill-gotten gains. [1] at 18-20; *see also* 15 U.S.C. §§ 1116, 1117(a); 17 U.S.C. § 504(b); *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) (upholding asset restraint to preserve accounting and profits remedy for cable piracy violations even when plaintiff was seeking multiple remedies, including statutory damages). Plaintiff has presented evidence that Defendants are using its intellectual property in connection with their infringing products, that Defendants have completed sales of those infringing products to generate profits, and that those funds are held in Defendants' online marketplace accounts. [1]; [20]. "A trademark plaintiff need not disentangle revenue and profits. This rule may well result in a windfall to the trademark holder, but that is a price worth paying—a principle the Supreme Court

established eighty years ago." *Dyson Tech. Ltd. v. David 7 Store*, 132 F.4th 526, 528-29 (7th Cir. 2025)); *see also* 4 McCarthy on Trademarks and Unfair Competition § 30:65 (5th ed.) (same rule in copyright cases).

For the reasons in Plaintiff's Supplemental Memorandum [14], its Memorandum in Support of Motion for Entry of a TRO [17], and the reasons stated herein, Plaintiff respectfully requests the Court issue a TRO that includes an asset restraint.

Dated this 20th day of May 2025.           Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Jennifer V. Nacht
Madeline B. Halgren
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jnacht@gbc.law
mhalgren@gbc.law

*Counsel for Plaintiff Hallmark Licensing, LLC*