IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HALLMARK LICENSING, LLC, | |
| Plaintiff, | Case No. 25-cv-04970 |
| v. | Judge Lindsay C. Jenkins |
| SHOP1102721291 STORE, et al., | |
| Defendants. | |

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff Hallmark Licensing, LLC ("Plaintiff" or "Hallmark") against the fully interactive, e-commerce store[1] operating under the seller aliases identified on Schedule A attached hereto, with the exception of Defendant HOMELEX (Def. No. 23) (the "Seller Aliases"), and Plaintiff having moved for entry of Default Judgment against the defendants identified on Schedule A attached hereto (collectively, "Defaulting Defendants");

This Court having entered upon a showing by Plaintiff, a temporary restraining order and preliminary injunction against Defaulting Defendants which included an asset restraining order;

Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

Defaulting Defendants having failed to answer the Complaint or otherwise plead, and the time for answering the Complaint having expired;

---

[1] The e-commerce store URLs are listed on Schedule A hereto under the Online Marketplaces.

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defaulting Defendants since Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and have sold products bearing unauthorized copies of Plaintiff's federally registered copyrighted works (including U.S. Copyright Registration Nos. VA0000155320, VA0002361744, and VA 2-433-194) (the "Hallmark Copyrighted Works") and/or using infringing and counterfeit versions of the federally registered HALLMARK trademarks (the "HALLMARK Trademarks") to residents of Illinois. A list of the HALLMARK Trademarks is included in the below chart.

| REGISTRATION NO. | TRADEMARK |
|---|---|
| 380,596<br>916,900<br>6,013,810<br>4,814,915<br>4,664,608<br>5,033,265<br>5,794,656 | HALLMARK |
| 7,086,740 | HALLMARK BETTER TOGETHER |
| 7,130,743 | BETTER TOGETHER |

| | |
|---|---|
| 525,798<br>5,794,657<br>5,858,356<br>3,634,799<br>2,457,248<br>2,469,522<br>2,469,521<br>864,077<br>657,441<br>654,790 | *Hallmark* (logo with crown) |
| 821,931 | *Hallmark* (logo with crown) |
| 842,461 | *Hallmark* (logo with crown and hand) |
| 2,302,403<br>5,115,753<br>3,808,509 | RAINBOW BRITE |

This Court further finds that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and copyright infringement (17 U.S.C. §§ 106 and 501, *et seq.*).

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default, and that this Final Judgment is entered against Defaulting Defendants.

3

IT IS FURTHER ORDERED that:

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the HALLMARK Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Hallmark product or not authorized by Plaintiff to be sold in connection with the HALLMARK Trademarks;

    b. reproducing, distributing copies of, making derivative works of, or publicly displaying the Hallmark Copyrighted Works in any manner without the express authorization of Plaintiff;

    c. passing off, inducing, or enabling others to sell or pass off any product as a genuine Hallmark product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the HALLMARK Trademarks and/or the Hallmark Copyrighted Works;

    d. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    e. further infringing the HALLMARK Trademarks and/or the Hallmark Copyrighted Works and damaging Plaintiff's goodwill; and

    f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the HALLMARK Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof and/or which bear the Hallmark Copyrighted Works.

2. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as PayPal, Inc. ("PayPal"), AliExpress, Alibaba Group Holding Ltd., and Alibaba.com Singapore E-Commerce Private Limited (collectively "Alibaba"), Amazon.com, Inc. ("Amazon"), eBay, Inc. ("eBay"), WhaleCo Inc. ("Temu"), and Walmart, Inc. ("Walmart") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the HALLMARK Trademarks and/or which bear the Hallmark Copyrighted Works.

3. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of five thousand dollars ($5,000) for use of counterfeit HALLMARK Trademarks on products sold through at least the Defaulting Defendants' Online Marketplaces.

4. Pursuant to 17 U.S.C. § 504(c)(2), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of five thousand dollars ($5,000) for willful copyright infringement of the Hallmark Copyrighted Works.

5. Plaintiff may serve this Order on Third Party Providers, including PayPal, Alibaba, Amazon, eBay, Temu, and Walmart, by e-mail delivery to the e-mail addresses Plaintiff used to serve the Temporary Restraining Order on the Third Party Providers.

6. Any Third Party Providers holding funds for Defaulting Defendants, including PayPal, Alibaba, Amazon, eBay, Temu, and Walmart, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants' Seller Aliases or the Online Marketplaces from transferring or disposing of any funds (up to the statutory damages awarded in Paragraphs 3 and 4 above) or other of Defaulting Defendants' assets.

7. All monies (up to the amount of the statutory damages awarded in Paragraphs 3 and 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers are ordered to release to Plaintiff the amounts from Defaulting Defendants' financial accounts within seven (7) calendar days of receipt of this Order.

8. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Third Party Providers in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Third Party Providers shall within seven (7) calendar days:

    a. locate all accounts and funds connected to Defaulting Defendants' Seller Aliases and Online Marketplaces, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibits to the Declaration of Stacey Howe, and any e-mail addresses provided for Defaulting Defendants by third parties;

    b. restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c. release all monies, up to the above identified statutory damages award, in Defaulting Defendants' financial accounts to Plaintiff's as partial payment of the above-identified damages within seven (7) calendar days of receipt of this Order.

9. In the event that Plaintiff identifies any additional online marketplace accounts, domain names, or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the e-mail addresses identified in Exhibits to the Declaration of Stacey Howe and any e-mail addresses provided for Defaulting Defendants by third parties.

10. The ten thousand dollar ($10,000) surety bond posted by Plaintiff is hereby released to Plaintiff or its counsel, Greer, Burns, & Crain, Ltd. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Plaintiff or its counsel. This Court, having determined that there is no just reason for delay, orders that this is a Final Judgment against Defaulting Defendants.

DATED: July 22, 2025
Case No. 25-cv-04970

                                               Lindsay C. Jenkins
                                               United States District Judge

# Hallmark Licensing, LLC v. Shop1102721291 Store, et al.
## Case No. 25-cv-4970

# Schedule A

| Defendant Online Marketplaces | | |
|---|---|---|
| No | URL | Name / Seller Alias |
| 1 | aliexpress.com/store/1102717281 | Shop1102721291 Store |
| 2 | aliexpress.com/store/1104392152 | Shop1104383202 Store |
| 3 | aliexpress.com/store/1104492034 | Shop1104486046 Store |
| 4 | aliexpress.com/store/1103131658 | Shophei20230909 Store |
| 5 | amazon.com/sp?seller=AS8ZBA81YFPBW | SjeserotShop |
| 6 | ebay.com/usr/gremels15 | gremels15 |
| 7 | temu.com/m-634418220237505.html | AAWYPKDVJH |
| 8 | temu.com/m-634418219764155.html | AcrazyLady |
| 9 | temu.com/m-634418220197140.html | AKTBGFD |
| 10 | DISMISSED | DISMISSED |
| 11 | temu.com/m-634418220082779.html | bincools |
| 12 | DISMISSED | DISMISSED |
| 13 | DISMISSED | DISMISSED |
| 14 | temu.com/m-634418218092186.html | DAMARISZLW |
| 15 | DISMISSED | DISMISSED |
| 16 | temu.com/m-634418218548239.html | Family Club Z |
| 17 | temu.com/m-634418220231295.html | FDDshop |
| 18 | DISMISSED | DISMISSED |
| 19 | temu.com/m-634418220597812.html | ForLOBO |
| 20 | temu.com/m-634418219764087.html | funny sea |
| 21 | temu.com/m-634418220188480.html | gofeeling |
| 22 | temu.com/m-634418213305653.html | Home Furnishing cn |
| 23 | EXCEPTED | EXCEPTED |
| 24 | temu.com/m-634418219657791.html | HUMBLE SWAG |
| 25 | DISMISSED | DISMISSED |
| 26 | DISMISSED | DISMISSED |
| 27 | temu.com/m-634418220049886.html | Insight Hoodie B |
| 28 | DISMISSED | DISMISSED |
| 29 | temu.com/m-634418220562382.html | junqianshangmao |
| 30 | temu.com/m-634418220553278.html | KIKIESS |
| 31 | temu.com/m-634418214184695.html | LIUHUA |

| | | |
|---|---|---|
| 32 | temu.com/m-634418220556204.html | LiuyongchengA |
| 33 | temu.com/m-634418220082007.html | LOVE ZRT |
| 34 | temu.com/m-634418220520709.html | Luckiness AO |
| 35 | temu.com/m-634418220234884.html | MENS FASHION HU |
| 36 | temu.com/m-634418220162034.html | NakYhoVO |
| 37 | DISMISSED | DISMISSED |
| 38 | temu.com/m-634418220568300.html | OskyBSD |
| 39 | DISMISSED | DISMISSED |
| 40 | temu.com/m-634418219223401.html | quanjianhaotanJ |
| 41 | DISMISSED | DISMISSED |
| 42 | temu.com/m-634418220008717.html | Standout Tshirts |
| 43 | DISMISSED | DISMISSED |
| 44 | temu.com/m-634418217050600.html | TONGHENGFEI |
| 45 | temu.com/m-634418220548248.html | WangjieA |
| 46 | temu.com/m-634418220689816.html | yanguifanbaihuodian |
| 47 | temu.com/m-634418219924222.html | young lin |
| 48 | temu.com/m-634418219345314.html | ZFVZMA |
| 49 | DISMISSED | DISMISSED |
| 50 | SUBJECT to [63] | SUBJECT to [63] |
| 51 | walmart.com/seller/102738877 | BecMoc |
| 52 | DISMISSED | DISMISSED |
| 53 | walmart.com/seller/101616008 | lizhengwei0101 |
| 54 | walmart.com/seller/102606776 | Nianyaokeji |
| 55 | walmart.com/seller/102735956 | quanzhoushihongchengyipindianzishangwuyouxiangongsi |
| 56 | DISMISSED | DISMISSED |
| 57 | walmart.com/seller/102745101 | shewenjie |
| 58 | DISMISSED | DISMISSED |
| 59 | DISMISSED | DISMISSED |
| 60 | walmart.com/seller/102763322 | Yang Yongjun |
| 61 | walmart.com/seller/102716972 | Yeeman |
| 62 | walmart.com/seller/102746226 | Yufanshop |
| 63 | SUBJECT to [76] | SUBJECT to [76] |
| 64 | walmart.com/seller/101564716 | ZONGZHI Co.Ltd |