## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Hallmark Licensing LLC., <br><br> *Plaintiff*, <br><br> v. <br><br> The Partnerships and Unincorporated Associations Identified On Schedule A, <br><br> *Defendants* | No. 25 CV 4970 <br><br> Judge Lindsay C. Jenkins |

### O<small>RDER</small>

Hallmark Licensing filed its complaint in the case against many e-commerce storefronts for copyright infringement regarding its product "My Friend Jesus", a stuffed plush Jesus doll. On July 23, 2025, the court granted Hallmark's motion for a preliminary injunction. [Dkt. 90, 91.][1] Defendant Hongkong Yueqi Tech Ltd. d/b/a Homelex filed a notice of appeal and the court stayed the case. Homelex filed a motion for a stay pending appeal. This order resolves the stay motion, which is granted.

Federal Rule of Civil Procedure 62(d) allows the Court to stay or modify an injunction pending appeal. In determining whether this relief is warranted, courts look to the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Venckiene v. United States*, 929 F.3d 843, 853 (7th Cir. 2019).

The purpose of a stay pending appeal is to minimize the costs of error and mitigate the damage that may be done before a legal issue is finally resolved. *In re A & F Enters., Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014). Courts employ a "sliding scale" when evaluating the factors; if there is a strong showing of irreparable harm, then the need to show a likelihood of success on the merit lessens. *Id*. The burden to show that a stay is warranted lies with the moving party; a stay is "not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433-434 (2009).

Homelex argues that the court erred in granting the preliminary injunction by, at the very least, (a) excluding its expert submissions based on its failure to provide timely notice of its intent to rely on expert materials without analyzing Homelex's

---

[1] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

1

failures under Fed. R. Civ. P. 37(c)(1); and relatedly, (b) resolving factual disputes without an evidentiary hearing. [Dkt. 97 at 7.] Though the court shares Hallmark's view that the relevant factors articulated in *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) favor Hallmark, and that an evidentiary hearing arguably was not required because any oral testimony would only duplicate the declarations the court declined to consider, the court assumes that Homelex has shown that it has some chance of success on appeal.

Homelex argues that it will suffer irreparable harm absent a stay because the injunction "compels Homelex to pull down listings, halt fulfillment, and accept platform-level penalties that are structural and difficult to reverse." [Dkt. 97 at 12.] It explains that the consequences of not imposing a stay cannot be undone even if the injunction is later vacated because its harm includes injury to goodwill, customer relationships, market share, and reputation. Hallmark does not squarely address irreparable harm to Homelex other than by emphasizing the harm that would flow to Hallmark if infringing sales were permitted to continued. [Dkt. 101 at 11.]

It is difficult, at this point, to assess the balance of harms that would result from the injunction. One unknown is the difficulty of predicting how long the appeal will take. The Seventh Circuit has already denied Homelex's motion for an expedited appeal. [Dkt 104.] Though the parties don't see eye to eye on the status quo, the court agrees with Homelex that since the expiration of the TRO and the court's order granting the preliminary injunction, there was no restraint on Homelex's business. Ultimately, the court concludes that a stay of the preliminary injunction order is necessary to prevent the restraint from possibly causing irreparable business harm to Homelex. This also best preserves the Seventh Circuit's ability to consider whether relief is warranted.

For much the same reason, the court agrees with Hallmark that it is appropriate to lift the overall stay of the case that was entered on July 24, 2025. *Kilty v. Weyerhaeuser Co.*, 758 F. App'x 530, 533 (7th Cir. 2019) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (the filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal"). Hallmark proposed this approach in its response brief, *see* dkt. 101 at 14, and Homelex's reply does not object (or even address) the proposal. Given Homelex's views on its likelihood of success on the merits, at the very least, fact discovery should proceed.

Enter: 25-cv-4970
Date: August 28, 2025

_____
Lindsay C. Jenkins

2