IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HALLMARK LICENSING, LLC, | |
| Plaintiff, | Case No. 25-cv-04970 |
| v. | **Judge Lindsay C. Jenkins** |
| SHOP1102721291 STORE, et al., | **Magistrate Judge Heather K. McShain** |
| Defendants. | |

**PLAINTIFF'S RESPONSE AND MOTION FOR RECONSIDERATION AND
CLARIFICATION OF ORDER [107] AND MINUTE ENTRY [108]**

Plaintiff Hallmark Licensing, LLC ("Plaintiff" or "Hallmark") submits this response to and respectfully requests the Court to reconsider and clarify its Order [107] and Minute Entry [108] ("Minute Entry").

Specifically, Plaintiff moves this Honorable Court to reconsider its indication that it "would likely reverse its decision to exclude the expert evidence on timeliness grounds" and its decision to stay enforcement of the preliminary injunction. Additionally, Plaintiff seeks clarification as to the Court's statement in the Minute Entry that it excluded the declaration of Sophia Chen. Should the Court clarify that it did exclude the declaration of Sohpia Chen when it entered Order [91], Plaintiff also seeks clarification as to the basis. Finally, Plaintiff objects to a *sua sponte* indicative ruling by the Court and the Court's invitation for the parties to file a motion under Fed. R. Civ. P. 62.1.

**ARGUMENT**

**I.      THE COURT SHOULD RECONSIDER ITS "LIKELY" DECISION TO REVERSE**

The Court has indicated that "upon reconsideration . . . [it] would likely reverse its decision to exclude the expert evidence on timeliness grounds and hold a preliminary injunction hearing to

determine whether a preliminary injunction should be granted in light of this evidence." [108] at 1. Plaintiff respectfully asks the Court to reconsider potentially reversing its decision to exclude the testimony in Order [91].

The facts are not in dispute. Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [54] ("Response") was supported by declarations of two purported expert witnesses: Dr. Candy Gunther Brown ("Dr. Brown") and Professor Lynn Rosenblum ("Professor Rosenblum"). [54-3], [54-4]. The two declarations, combined, are sixty-nine (69) pages in length. [54-3], [54-4]. The Response was also supported by the declaration of Sophia Chen. [54-5]. Defendant admitted that it failed to provide notice to Plaintiff, through Rule 26(a) disclosures or otherwise, of any of the witnesses ahead of filing its Response. *See* [103] at 2.

Plaintiff sought leave to conduct discovery as to Dr. Brown, Prof. Rosenblum, and Sophia Chen, which was opposed by Defendant and "largely denied" by the Court. [70], [72], [73]. The case proceeded, and the Court entered an Order [91] granting Plaintiff's Motion for Entry of a Preliminary Injunction [41] as to Defendant. In Order [91], the Court agreed that Plaintiff was prejudiced by the lack of notice and disregarded the expert declarations.[1] *See* [91] at 1.

Plaintiff respectfully asks the Court to reconsider potentially reversing its decision in Order [91]. As a preliminary matter, the Court was correct to exclude the expert testimony because it would have prejudiced Plaintiff to admit it after denying Plaintiff an opportunity to depose the experts. Second, the Seventh Circuit has made it clear that the Court was not required to conduct an analysis under *David v. Caterpillar, Inc.* when deciding whether to consider the expert

---

[1] Plaintiff argued in its Reply in Support of its Motion for Entry of a Preliminary Injunction [84] that the expert declarations should also not be considered because they used flawed methodology pursuant to Fed. R. Civ. P. 702 to reach their respective conclusions. [84] at 3, 9-14. The Order [91] did not reach the issue of Fed. R. Civ. P. 702, but the declarations could have also been excluded on this ground.

2

testimony. Finally, even if the Court erred in not undergoing an explicit *David* analysis, such an error was harmless because the expert testimony should have been excluded regardless.

### A. The Court Was Correct to Exclude the Expert Witness Testimony Because It was Prejudicial

The Court was correct in its original decision to exclude the expert testimony. For the reasons Plaintiff has previously explained, admitting the expert witness testimony without the opportunity to at least depose the experts would be unfair and prejudicial, and would violate Rule 37(c)(1). *See* [101] at 3.

Because Defendant opposed and the Court denied Plaintiff's requested leave to conduct discovery as to the expert witnesses, the only choice the Court could make which would not prejudice Plaintiff was to exclude the testimony. *See* [73]. Accordingly, the Court was correct to exclude it, and Plaintiff respectfully requests the Court to reconsider its "likely" decision to admit the expert testimony without providing Plaintiff an opportunity to depose the witnesses.

### B. Under Seventh Circuit Precedent, A *David* Analysis Was Not Required and Any Purported Error in Not Performing a *David* Analysis is Harmless

In the Minute Entry, the Court explained it disregarded the expert witness testimony because it was untimely, but "a harmlessness analysis under *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) was a more appropriate approach, which the court did not conduct." [108] at 1.

However, the Seventh Circuit in *David* stated that "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." 324 F.3d at 857-58 (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)). The multi-factor test in *David* is simply used to "guide the district court's discretion." *David*, 324 F.3d at 857. As such, the Court did not err in not explicitly undergoing the four-factor *David* test. Even if the Court were to undergo the *David* analysis, all

3

factors favor Plaintiff and the Court should have excluded the expert witness testimony anyway for the reasons Plaintiff has already provided. [101] at 3-4. Accordingly, any purported error committed by the Court by not conducting a *David* analysis is harmless.

## II. A STAY OF ENFORCEMENT ON THE PRELIMINARY INJUNCTION IS SUBSTANTIALLY HARMING PLAINTIFF AND THE PUBLIC

The Court has stayed enforcement of the preliminary injunction to "prevent the restraint from **possibly** causing irreparable business harm to Homelex." [107] at 2 (emphasis added). The Court did not comment on what harm, possible or otherwise, that Plaintiff suffers from a stay on the enforcement of the preliminary injunction. Because Defendant's infringement is causing irreparable harm to Plaintiff, Plaintiff respectfully requests the Court reconsider its Order [107].

Previously, the Court held that "[Defendant's] continued sales of products involving Hallmark's copyright inflicts irreparable harm on Hallmark's future business integrity and revenues." [91] at 4. The Court also held that the preliminary "injunction means only that the court enjoins [Defendant] from conducting business that allegedly violates federal copyright law." *Id*. Finally, the Court was agreed with Plaintiff that the public "has a strong interest in 'preserving the integrity of the copyright laws which seek to encourage individual effort and creativity by granting valuable enforceable rights.'" *Id*. (citation omitted).

By staying the enforcement of the preliminary injunction, the Court has, by its own admission, allowed Defendant to violate federal copyright law and inflict irreparable harm on Plaintiff. The Order also disregards the interest of the public in preserving the integrity of the copyright law and prevents Plaintiff from realizing its right to equitable relief under the U.S. Copyright Act, all because of "possible" irreparable harm to Defendant. Plaintiff respectfully requests the Court reconsider its stay on the enforcement of the preliminary injunction.

4

Alternatively, Plaintiff requests the Court to consider permitting enforcement of a preliminary injunction enjoining Defendant from infringing the Hallmark Copyrighted Work.

### III. PLAINTIFF OPPOSES A *SUA SPONTE* INDICATIVE RULING

#### A. No Party Can Seek Relief Under Rule 62.1 at this Time

The Court has asked the parties to indicate "whether they wish to file a motion for relief under FRCP 62.1" at a future status hearing. [108] at 2. The plain language of Rule 62.1 requires that "[i]f a timely motion is **made for relief that the court lacks authority to grant** because of an appeal that has been docketed and is pending" then a district court may issue an indicative ruling. Fed. R. Civ. P. 62(a)(1) (emphasis added).

Currently, the Court has granted Plaintiff's Motion for Entry of a Preliminary Injunction [41] but stayed enforcement of the Preliminary Injunction. *See* [91], [107]. Accordingly, Defendant has no relief to seek since enforcement of the preliminary injunction is stayed, and the only relief Plaintiff can seek, a lift on the stay of enforcement of the preliminary injunction, is something the Court has the authority to grant pursuant to Rule 62. It appears that the Court has authority to grant any relief sought by either party with regards to the preliminary injunction under Rule 62. As such, no party can file a motion for relief under Rule 62.1. *See Oracle Int'l Corp. v. Rimini St., Inc.*, No. 2:14-cv-01699-MMD-DJA, 2025 U.S. Dist. LEXIS 75163, at *20 (D. Nev. Apr. 21, 2025) ("[Defendant] counters in pertinent part that 'Rule 62.1 allows a court to issue an indicative ruling *only* when a 'motion is made for *relief* that the court lacks authority to grant' due to a pending appeal. . . [t]he Court agrees with [defendant]") (emphasis original); *see Mendia v. Garcia,* 874 F.3d 1118, 1121 (9th Cir. 2017) ("Therefore, in the interest of effectively using our time and resources, as well as a means of legitimate case management, we join our sister circuits in holding that a FRCP 62.1 motion is not a prerequisite for a limited remand under FRAP 12.1(b)

5

where the district court has already indicated **it would grant a motion for the requested relief**") (emphasis added).

B.     **Indicative Rulings About Issues on Appeal Are Not Appropriate**

Even if the Court believes one of the parties requested relief it lacks the authority to grant because of the pending appeal, "Rule 62.1 "does not supply a free-standing basis for parties to solicit the district court's views on matters currently on appeal[.]" *Litovich v. Bank of Am. Corp*. No. 20-CV-3154 (VEC), 2022 U.S. Dist. LEXIS 205390, at *7 (S.D.N.Y. Nov. 10, 2022) (quoting *LFoundry Rousset, SAS v. Atmel Corp*., 690 F. App'x 748, 750 (2d Cir. 2017)) (citation omitted).

Courts have agreed that an indicative ruling is not appropriate when it goes to the exact issue on appeal. *See Litovich*, 2022 U.S. Dist. LEXIS 205390, at *8 ("[An indicative] ruling is not appropriate, however, when it requires the district court to consider the exact issue that is pending on appeal"); *see AIDS Vaccine Advoc. Coal. v. United States Dep't of State*, Civil Action No. 25-00400 (AHA), 2025 U.S. Dist. LEXIS 90994, at *7 (D.D.C. May 13, 2025) ("Review of the preliminary injunction is 'the very issue on appeal' and, as such, an indicative ruling from this Court on the topic 'would not promote judicial efficiency or fairness'") (citation omitted); *see Callahan v. United States HHS*, No. 1:19-CV-1783-AT, 2019 U.S. Dist. LEXIS 140245, at *6 (N.D. Ga. May 14, 2019) ("there is little indication the drafters of [Rule 62.1] intended it to be used . . . to ask a district court to issue an indicative ruling reconsidering the same question being reviewed by the court of appeals") (citation omitted).

This is because "ask[ing] a district court to issue an indicative ruling reconsidering the same question being reviewed by the court of appeals" is essentially asking "[the] Court to inform the [Appellate Court] it believes its own opinion should be reversed" and "an indicative ruling on the very issue on appeal only interrupts the appellate process." *Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi. v. Bank of N.Y. Mellon*, 297 F.R.D. 218, 221 (S.D.N.Y. 2013); *see Scriber*

6

*v. Ford Motor Co.*, No. 22-cv-1716-MMA-MMP, 2024 U.S. Dist. LEXIS 99328, at *8 (S.D. Cal. June 4, 2024) ("Plaintiffs essentially ask the Court to inform the Ninth Circuit that it believes its own ruling is incorrect and subject to reversal in the absence of amendment . . . an indicative ruling here would not promote judicial efficiency or fairness but would 'only interrupt[] the appellate process'") (citation omitted).

Accordingly, Plaintiff respectfully objects to a *sua sponte* indicative ruling by the Court and the Court's invitation for the parties to file a motion under Fed. R. Civ. P. 62.1.

### IV. THE COURT DID NOT EXCLUDE THE DECLARATION OF SOPHIA CHEN

The Minute Entry claims that "it may have erroneously excluded the declarations or testimony of . . . Ms. Sophia Chen offered by Defendant in opposition to a preliminary injunction." [108] at 1. However, the Order [91] referenced the declaration when it acknowledged that it was "problematic in that it does not provide any statements as to when Sophia Chen conceived of her design, *i.e.*, prior to 2017, nor does it point to any sketches or prototypes." [91] at 3. The Court explicitly disregarded the declarations of Dr. Candy Gunther Brown and Professor Lynn Rosenblum but did not indicate anywhere in Order [91] that it was not considering the declaration of Sophia Chen. *See* [91] at 1.

It is Plaintiff's understanding that the Court did not disregard the declaration of Sophia Chen. Plaintiff respectfully seeks clarification from the Court if the declaration of Sophia Chen was excluded. If the declaration of Sophia Chen was excluded, Plaintiff respectfully seeks clarification on the Court's basis.

Dated this 5th day of September 2025.   Respectfully submitted,

<u>/s/ Jennifer V. Nacht</u>
Amy C. Ziegler
Justin R. Gaudio
Jennifer V. Nacht
Madeline B. Halgren
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jnacht@gbc.law
mhalgren@gbc.law

*Counsel for Plaintiff Hallmark Licensing, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of September 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the attorneys of record in this case.

/s/ Jennifer V. Nacht
Amy C. Ziegler
Justin R. Gaudio
Jennifer V. Nacht
Madeline B. Halgren
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jnacht@gbc.law
mhalgren@gbc.law

*Counsel for Plaintiff*
*Hallmark Licensing, LLC*