## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Hallmark Licensing, LLC | |
| *Plaintiff*, | **CASE NO.** 25-cv-4970 |
| v. | **Judge** Lindsay C. Jenkins |
| The Partnerships and Unincorporated Associations Identified On Schedule A, | **Magistrate Judge** Heather K. McShain |
| *Defendant*. | |

## DEFENDANT HONGKONG YUEQI TECH LIMITED'S
## ANSWER TO COMPLAINT

Defendant HONGKONG YUEQI TECH LIMITED d/b/a HOMELEX ("Defendant") responds to the numbered paragraphs of Plaintiff Hallmark Licensing, LLC's ("Plaintiff") Complaint as follows:

### I. JURISDICTION AND VENUE

1.      Admitted.

2.      Defendant denies the allegations in paragraph 2. Defendant admits that venue is proper in this district and admits that this Court may exercise personal jurisdiction over it. Defendant denies targeting business activities toward consumers in Illinois or engaging in any tortious acts in Illinois.

### II. INTRODUCTION

3.      The allegations in paragraph 3 constitute a narrative and summary of Plaintiff's claims to which no response is required. To the extent a response is deemed required, Defendant denies the

1

allegations as they pertain to Defendant, including any allegation of trading on Plaintiff's reputation, selling unauthorized or counterfeit products, or causing any damage to Plaintiff.

### III. THE PARTIES

4.       Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore denies them.

5.       Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore denies them.

6.       Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and therefore denies them.

7.       Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore denies them.

8.       Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore denies them.

9.       Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore denies them.

10.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore denies them.

11.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore denies them.

12.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore denies them.

13.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore denies them.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's trademark registrations. To the extent the paragraph makes further allegations, they are denied.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore denies them.

16.     The allegations in paragraph 16 constitute legal conclusions and argument to which no response is required. To the extent they contain factual allegations, Defendant lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies them.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's copyright registrations. To the extent the paragraph makes further allegations, they are denied.

19.     The allegations in paragraph 19 constitute legal conclusions to which no response is required.

20.     Defendant admits that it is a business entity organized under the laws of Hong Kong. Defendant denies the remaining allegations in paragraph 20 as they pertain to it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning any other defendant and therefore denies them.

21. Defendant denies the allegations in paragraph 21 as they pertain to it. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning any other defendant and therefore denies them.

**IV. DEFENDANTS' UNLAWFUL CONDUCT**

22.     Defendant denies the allegations in paragraph 22 as they pertain to it.

23.     The allegations in paragraph 23 consist of general statements, quotations from third-party sources, and legal arguments to which no response is required. To the extent the allegations are directed at Defendant, they are denied.

24.     Defendant denies the allegations in paragraph 24.

25.     Defendant denies the allegations in paragraph 25 as they pertain to it.

26.     Defendant denies the allegations in paragraph 26 as they pertain to it.

27.     Defendant denies the allegations in paragraph 27 as they pertain to it.

28.     Defendant denies the allegations in paragraph 28 as they pertain to it.

29.     Defendant denies the allegations in paragraph 29 as they pertain to it.

30.     Defendant denies the allegations in paragraph 30 as they pertain to it.

31.     Defendant denies the allegations in paragraph 31 as they pertain to it.

32.     Defendant denies the allegations in paragraph 32 as they pertain to it.

33.     Defendant denies the allegations in paragraph 33 as they pertain to it.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

34.     Defendant incorporates its responses to paragraphs 1 through 33 as if fully set forth herein.

35.     The allegations in paragraph 35 constitute legal conclusions and opinions to which no response is required. To the extent they contain factual allegations pertaining to Defendant, they are denied.

36.     Defendant denies the allegations in paragraph 36.

37.     The allegations in paragraph 37 constitute legal conclusions and arguments. To the extent they contain factual allegations pertaining to Defendant, they are denied.

4

38.     Defendant denies the allegations in paragraph 38.

39.     Defendant denies the allegations in paragraph 39.

40.     Defendant denies the allegations in paragraph 40.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

41.     Defendant incorporates its responses to paragraphs 1 through 40 as if fully set forth herein.

42.     Defendant denies the allegations in paragraph 42.

43.     Defendant denies the allegations in paragraph 43.

44.     Defendant denies the allegations in paragraph 44.

45.     Defendant denies the allegations in paragraph 45.

## COUNT III
## COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106 AND 501)

46.     Defendant incorporates its responses to paragraphs 1 through 45 as if fully set forth herein.

47.     The allegations in paragraph 47 constitute legal conclusions to which no response is required.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and therefore denies them.

49.     Defendant denies the allegations in paragraph 49.

50.     Defendant denies the allegations in paragraph 50.

51.     Defendant denies the allegations in paragraph 51.

52.     Defendant denies the allegations in paragraph 52.

53.     Defendant denies the allegations in paragraph 53.

54.     Defendant denies the allegations in paragraph 54.

55.     Defendant denies the allegations in paragraph 55.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint not specifically admitted herein. Defendant specifically denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof not otherwise imposed by law, Defendant asserts the following affirmative defenses. Defendant reserves the right to amend these defenses and to assert additional defenses as discovery proceeds.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Willfulness)

Defendant's alleged conduct was not willful, malicious, fraudulent, or oppressive. Therefore, Plaintiff is not entitled to enhanced damages, attorneys' fees, or other punitive remedies.

## THIRD AFFIRMATIVE DEFENSE
### (Improper Venue)

Venue in this judicial district is improper.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

6

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches due to Plaintiff's unreasonable delay in bringing this action, which has prejudiced Defendant.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel and Waiver)

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel and waiver.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands due to Plaintiff's own inequitable conduct in connection with the matters at issue.

## SEVENTH AFFIRMATIVE DEFENSE
### (Invalidity of Copyrights)

Plaintiff is not entitled to relief because the Hallmark Copyrighted Works are invalid, unprotectable, and/or unenforceable for reasons including, but not limited to, lack of originality.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Likelihood of Confusion)

There is no likelihood of confusion, mistake, or deception between Defendant's products or services and those of the Plaintiff.

## COUNTERCLAIMS

## PARTIES

1.　　　Counter-Plaintiff Homelex is a business entity organized under the laws of Hong Kong.

2.　　　Upon information and belief, Counter-Defendant Hallmark is a Kansas limited liability company with its principal place of business in Kansas City, Missouri.

## JURISDICTION AND VENUE

3.　　　This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.　　　Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## COUNT I
### (Declaratory Judgment of Non-Infringement of Trademarks)

5.　　　Homelex incorporates the preceding paragraphs as if fully set forth herein.

6.　　　Hallmark has filed a lawsuit against Homelex, creating an actual and justiciable controversy between the parties as to whether Homelex has infringed Hallmark's alleged trademarks.

7.　　　Homelex has not used the HALLMARK Trademarks, or any confusingly similar marks, in connection with the sale, offering for sale, distribution, or advertising of any goods.

8.　　　Homelex's products and business activities do not create a likelihood of consumer confusion, mistake, or deception as to the source, origin, or affiliation of its goods.

9.　　　Pursuant to 28 U.S.C. §§ 2201 and 2202, Homelex is entitled to a judicial declaration that it has not infringed the HALLMARK Trademarks and has not violated 15 U.S.C. § 1114 or 15 U.S.C. § 1125(a).

## COUNT II
### (Declaratory Judgment of Non-Infringement of Copyrights)

10.　　　Homelex incorporates the preceding paragraphs as if fully set forth herein.

8

11.　　Hallmark has filed a lawsuit against Homelex, creating an actual and justiciable controversy between the parties as to whether Homelex has infringed Hallmark's alleged copyrights.

12.　　Homelex has not copied, reproduced, displayed, distributed, or created derivative works from the Hallmark Copyrighted Works. On information and belief, the core elements of the work for which Hallmark claims copyright protection—namely the depiction of Jesus with long brown hair, a beard, a white robe, and a blue sash—are in the public domain, are part of centuries of religious and cultural iconography, and are therefore unprotectable. These elements are scènes à faire, standard elements that are indispensable in the expression of the underlying idea.

13.　　Homelex's "Jesus Plush Toy" is the product of independent creation, based on scriptural inspiration and recognized historical depictions, as attested to in a sworn declaration by Homelex's founder. Homelex has obtained a valid U.S. Copyright Registration, No. VA 2-399-584, for its original design.

14.　　After filtering out the unprotectable public domain elements and scènes à faire, there is no substantial similarity between the protectable elements of Homelex's doll and Hallmark's doll. The two works are demonstrably different in size, proportion, facial features, materials, construction quality, and overall "tone and manner."

    

15.     Furthermore, the doll at issue was not created in isolation. Defendant independently designed and produced it as part of a complete set of religious figures that also includes dolls of Mary, a baby, and a donkey.



16.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Homelex is entitled to a judicial declaration that it has not infringed the Hallmark Copyrighted Works and has not violated the Copyright Act, 17 U.S.C. § 101, et seq.

**COUNT III**
**(Tortious Interference with Business Relations)**

17.     Homelex incorporates the preceding paragraphs as if fully set forth herein.

18.     Homelex has and had valid and legitimate business relationships and expectancies with its customers and with third-party online marketplace platforms through which it sells its products. These relationships provide Homelex with a reasonable expectation of continued economic benefit.

19.     Upon information and belief, Hallmark was aware of Homelex's business relationships and expectancies.

20.     Hallmark initiated this lawsuit in bad faith and without a reasonable basis, and further made false and misleading statements to third-party platforms about Homelex's business, with the intentional and improper purpose of interfering with Homelex's business relationships and expectancies..

21.     As a direct and proximate result of Hallmark's wrongful interference, Homelex's business relationships and expectancies have been disrupted, causing Homelex to suffer damages, including but not limited to, lost profits, reputational harm, and loss of goodwill.

**COUNT IV**
**(Tortious Interference with Contract)**

22.     Homelex incorporates the preceding paragraphs as if fully set forth herein.

23.     Homelex has valid and enforceable contracts with third-party online marketplace platforms, including but not limited to, terms of service agreements that permit Homelex to list and sell its products.

24.     Upon information and belief, Hallmark was aware of the existence of these contracts.

25.     Hallmark intentionally and without justification induced or caused the third-party platforms to breach their contracts with Homelex by, among other actions, seeking baseless restraining orders and communicating knowingly false claims of infringement to the platforms, all in an effort to have Homelex's accounts suspended, its products delisted, or its funds frozen.

26.     As a direct and proximate result of Hallmark's conduct, the third-party platforms breached their contracts with Homelex.

27.     Homelex has suffered, and will continue to suffer, damages as a direct and proximate result of Hallmark's tortious interference with its contracts.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant/Counter-Plaintiff respectfully requests that the Court enter judgment as follows:

A. Dismissing Plaintiff's Complaint with prejudice;

B. Entering a declaratory judgment that Defendant has not infringed any of Plaintiff's trademarks or copyrights;

C. Awarding Defendant compensatory and punitive damages for Hallmark's tortious interference with business relations and contract;

D. Awarding Defendant its costs and reasonable attorneys' fees incurred in defending this action; and

E. Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues so triable.

Date: September 11, 2025      /s/ Ruoting Men

Ruoting Men, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
ruoting.men@glacier.law
212-729-5049

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this September 11, 2025, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

/s/ Ruoting Men

Ruoting Men, Esq.
