UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Hallmark Licensing, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>The Partnerships and Unincorporated Associations Identified On Schedule A,<br><br>*Defendant*. | **CASE NO.** 25-cv-4970 |

**DEFENDANT HONGKONG YUEQI TECH LTD.'S MOTION FOR RECONSIDERATION OF THE PRELIMINARY INJUNCTION ORDER**

I.     INTRODUCTION

Defendant Hongkong Yueqi Tech Ltd. d/b/a Homelex ("Homelex") respectfully moves under Federal Rule of Civil Procedure 54(b) for reconsideration of the Court's July 23, 2025 order granting a preliminary injunction (Dkt. 91). This motion is prompted by the Court's own diligent review of the record, as reflected in its September 2, 2025 minute entry (Dkt. 108), which expressed concern that the Court "may have erroneously excluded" critical defense evidence without conducting the harmlessness analysis required by the Seventh Circuit in *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

The Court correctly noted at the time that, with an appeal pending, it lacked jurisdiction to reconsider its decision *sua sponte* (Dkt. 108). That jurisdictional impediment has now been removed. Following Homelex's voluntary dismissal of its appeal, the Seventh Circuit has issued its mandate, returning full authority over this matter to this Court (Dkts. 114–115). Homelex now files this motion as the appropriate procedural vehicle to facilitate the corrective action the Court itself identified as necessary.

Reconsideration of an interlocutory preliminary-injunction ruling is proper to prevent manifest injustice and to ensure the application of governing legal standards. By excluding Homelex's expert and independent-creation evidence without the mandatory *David* analysis, the Court was left with a skewed and incomplete record that did not reflect the material factual disputes central to Plaintiff's likelihood of success. This motion provides the grounds for the Court to correct that error, consider the preliminary injunction motion on a complete record, and ensure a just outcome based on a full and fair evaluation of the evidence.

II.    PROCEDURAL BACKGROUND

This case began on an expedited, *ex parte* basis. On May 21, 2025, the Court granted

1

Plaintiff Hallmark Licensing, LLC's ("Hallmark") motion for a temporary restraining order ("TRO") without notice to Homelex. (Dkt. 22). Hallmark subsequently moved for a preliminary injunction on June 5, 2025. (Dkt. 41).

Homelex's first opportunity to present evidence to the Court was its opposition to the preliminary injunction, filed on June 26, 2025. (Dkt. 54). That opposition included sworn expert declarations from Dr. Candy Gunther Brown and Professor Lynn Rosenblum on the issues of copyright filtration and substantial similarity, as well as a declaration from designer Sophia Chen attesting to, and providing documentary corroboration of, independent creation (Dkt. 54).

On July 11, 2025, after receiving an extension of time from the Court, Hallmark filed a detailed reply brief. (Dkt. 84). Hallmark's reply substantively addressed and attempted to rebut the opinions and evidence submitted by Homelex's experts (Dkts. 84, 85).

On July 23, 2025, the Court entered the preliminary injunction order (Dkt. 91). In a footnote, the Court stated that it "declined to consider" Homelex's expert submissions because Hallmark complained it did not have "advance notice" of them (Dkt. 91 at 1 n.1). The order did not contain an analysis of whether the purported failure to provide notice was substantially justified or harmless under Rule 37(c)(1) and the *David* factors.

Homelex timely filed a Notice of Appeal (Dkt. 92). While that appeal was pending, the Court issued a minute entry on September 2, 2025 (Dkt. 108), stating that it was "concerned that it may have erroneously excluded the declarations" and that "a harmlessness analysis under *David v. Caterpillar, Inc*. was a more appropriate approach, which the court did not conduct". The Court further indicated that, should it regain jurisdiction, it "would likely reverse its decision to exclude the expert evidence on timeliness grounds and hold a preliminary injunction hearing" (Dkt. 108).

In light of the Court's entry, Homelex voluntarily dismissed its appeal. The Seventh Circuit subsequently issued its mandate, returning jurisdiction to this Court (Dkts. 114–115). This motion for reconsideration follows.

### III. LEGAL STANDARD

A preliminary injunction ruling is an interlocutory order that "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). A court may exercise its inherent authority to reconsider such an order to correct a clear error of law or to prevent manifest injustice. *See Santamarina v. Sears, Roebuck & Co.,* 466 F.3d 570 (7th Cir. 2006). This authority is particularly well-suited for circumstances where, as here, a required procedural analysis was not applied before declining to consider material evidence.

Federal Rule of Civil Procedure 37(c)(1) governs the exclusion of evidence as a sanction for a failure to disclose. The rule is not self-executing. Exclusion is a severe sanction warranted only if the failure was neither "substantially justified nor harmless". The Seventh Circuit requires district courts to conduct a case-specific inquiry guided by four factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) the presence of bad faith or willfulness in not disclosing the evidence earlier. *David*, 324 F.3d at 857 ; *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 417–19 (7th Cir. 2019).

### IV. ARGUMENT

**A. Reconsideration is Warranted to Correct an Error Acknowledged by the Court**

The most compelling basis for reconsideration comes from the Court's own minute entry of September 2, 2025. In that entry, the Court candidly expressed its "concern" that it "may have

3

erroneously excluded" Homelex's evidence and acknowledged that the governing legal framework—a "*David* harmlessness analysis"—was the "more appropriate approach, which the court did not conduct" (Dkt. 108). This self-initiated review and acknowledgment of a potential legal error provides a powerful foundation for the relief Homelex now seeks.

The Court has already signaled the likely outcome of a full reconsideration. It stated that, upon remand, it "would likely reverse its decision to exclude the expert evidence on timeliness grounds and hold a preliminary injunction hearing to determine whether a preliminary injunction should be granted in light of this evidence" (Dkt. 108). The only obstacle the Court identified to taking this corrective action was its own lack of jurisdiction due to the pending appeal. With that jurisdictional bar now lifted, the Court is fully empowered to proceed with the reconsideration it deemed appropriate. This motion respectfully requests that the Court complete the process it initiated and correct the record to prevent manifest injustice.

**B. The Categorical Exclusion of Defendant's Evidence Was Improper Without the *David* Harmlessness Analysis**

The failure to conduct the David analysis was a clear error of law that resulted in a disproportionate and unwarranted sanction. Rule 37(c)(1) exclusion is not an automatic penalty for any perceived delay; it is a sanction that requires a judicial finding that the failure to disclose was neither substantially justified nor harmless. A systematic application of the four *David* factors to the record demonstrates that the exclusion of Homelex's evidence was improper.

**Absence of Prejudice or Surprise**. Hallmark cannot credibly claim it was prejudiced or surprised by Homelex's evidence. Homelex served its sworn expert declarations and independent-creation evidence on June 26, 2025, with its opposition brief (Dkt. 54). The Court then granted Hallmark an extension of time to reply (Dkt. 73). On July 11, 2025, Hallmark filed

4

a comprehensive reply brief, which directly engaged with and attempted to rebut the specific opinions of Dr. Brown and Professor Rosenblum on the merits (Dkts. 84, 85). This sequence—notice, an extension of time, and a substantive counter-argument—"refutes any 'sandbag' claim" and confirms the absence of unfair surprise.

**Full Ability to Cure**. Any conceivable prejudice was not only curable but was, in fact, cured by the Court's provision of additional time and Hallmark's subsequent substantive reply. Had the Court felt further measures were necessary, less drastic remedies than categorical exclusion were readily available. The Court could have permitted an evidentiary hearing to allow for cross-examination. Striking the entirety of Homelex's merits defense was a disproportionate remedy when multiple targeted cures existed.

**No Likelihood of Disruption**. At the time the evidence was submitted, the case was in its infancy. No scheduling order had been entered, no discovery deadlines were set, and no trial date was contemplated. The matter was proceeding on an expedited track typical of "Schedule A" cases, where the prompt submission of evidence in opposition to a preliminary injunction is the norm, not a disruption. Considering Homelex's evidence would not have disrupted any established schedule because no such schedule existed.

**No Evidence of Bad Faith or Willfulness**. The record is devoid of any evidence—and the Court made no finding—of bad faith or willfulness on Homelex's part. Homelex submitted its evidence with its very first substantive filing in the case: its opposition to the preliminary injunction motion (Dkt. 54). This is the ordinary and expected course of practice. The unique procedural posture of a "Schedule A" case, which begins *ex parte,* must be considered. In such cases, the initial prejudice flows to the defendant, who is restrained without notice and must rapidly assemble a defense. To then sanction that defendant by excluding its first and only

5

responsive evidence magnifies, rather than cures, the inherent procedural imbalance of the ex parte process.

### C. On a Complete Record, Plaintiff Cannot Demonstrate a Likelihood of Success on the Merits

The Court's evidentiary error was not harmless; it was outcome-determinative. The excluded declarations of Dr. Brown, Professor Rosenblum, and Ms. Chen go to the very heart of Hallmark's copyright claim and, if considered, would have defeated its showing of a likelihood of success on the merits.

#### 1. Plaintiff's Copyright is Thin and Requires Filtration

The Seventh Circuit requires courts in copyright cases to perform a "filtration" analysis, separating the author's protectable expression from unprotectable elements such as ideas, stock features, and *scènes à faire*. See *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1101–03 (7th Cir. 2017). In its injunction order, the Court based its finding of substantial similarity on a list of features: "eyes without pupils; slightly arched brows; line-drawn nose; beard and goatee with a small smile; hair parted down the middle with a widow's peak; fingerless hands; white garment with a light-blue sash from the left shoulder; and two-strap sandals" (Dkt. 91).

These are not unique expressions attributable to Hallmark. As Dr. Brown's excluded declaration explains, they are generic, public-domain tropes for depicting Jesus that have existed for centuries in religious iconography. Dr. Brown specifically identified a 1995 children's board-game piece depicting a cartoon Jesus with a white robe, a blue sash, dot eyes, and other similar features, confirming these are stock conventions that must be filtered out before any comparison. Once filtered, Hallmark's copyright protection is, at best, "thin," covering only its specific,

original arrangement of these public-domain elements.

## 2. After Filtration, the Works Lack Substantial Similarity

For works with thin copyright protection, infringement requires "extremely close" copying of the protectable expression. *See Design Basics, LLC v. Signature Constr., Inc.,* 994 F.3d 879, 882, 890 (7th Cir. 2021). That standard is not met here. Once the unprotectable stock features are set aside, the parties' works diverge in multiple material respects, including:

**Facial Geometry and Age**: Homelex's doll has a soft, child-forward, kawaii-style face with visible ears, whereas Hallmark's has a harsher, adult visage with no visible ears.

**Anatomy and Proportions**: Homelex's doll lacks a defined neck, while Hallmark's does.

**Garment Construction and Color**: The garments differ in construction (hemmed vs. exposed cut edge) and in the specific shades and tones of the fabrics used.

**Fingers and toes**. Homelex's doll does not have fingers and toes, whereas Hallmark's has fingers and toes.

These significant differences in protectable expression preclude a finding of substantial similarity under the correct legal standard for works with thin copyright.

## 3. Sworn Evidence of Independent Creation Rebuts Any Inference of Copying

Perhaps most critically, the Court excluded sworn testimony and corroborating documentary evidence of independent creation—a complete defense to copyright infringement. *See Selle v. Gibb*, 741 F.2d 896, 901 (7th Cir. 1984). Designer Sophia Chen attested in her declaration that she independently designed the Homelex doll based on Scripture and historical sources, not by copying Hallmark's product (Dkt. 54-5). Her testimony is corroborated by contemporaneous design files with timestamps from November and December 2022—more than a year before this litigation commenced. These design files were provided to Hallmark's counsel

on June 20, 2025. This powerful, corroborated evidence of independent creation, if considered, would have rebutted any inference of copying and defeated Hallmark's motion. (Dkts. 97-1, 97-2. **Exhibit A**).

**4. At a Minimum, the Excluded Evidence Creates Genuine Disputes of Material Fact Warranting an Evidentiary Hearing**

Should the Court not be prepared to vacate the injunction on the supplemented paper record, it must, at a minimum, convene an evidentiary hearing. The Seventh Circuit holds that an evidentiary hearing is required "where the nonmovant's response raises genuine disputes of material fact that could affect the court's decision." *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997).

That standard is plainly met here. The competing expert declarations—from Dr. Brown and Professor Rosenblum for the defense, and from Hallmark's argument in reply—create a classic *battle of the experts* on the core copyright issues of originality, filtration, and similarity methodology. Furthermore, Ms. Chen's declaration and the supporting design files present a fact-intensive, corroborated defense of independent creation. These are precisely the kinds of material factual disputes that cannot be resolved on a paper record. This conclusion aligns perfectly with the Court's own stated intention in its minute entry to "hold a preliminary injunction hearing" upon reconsideration (Dkt. 108). A brief, focused hearing would allow the Court to assess the credibility of the declarants and make the factual findings necessary to properly rule on Hallmark's motion.

**V.     CONCLUSION**

8

Applying the governing standards—including the *David* harmlessness inquiry—a limited correction to the PI record is the most proportionate course. Accordingly, and in light of the Court's minute entry (Dkt. 108), Homelex respectfully requests the following relief:

1. Pending resolution of this motion for reconsideration, temporarily suspend the July 23, 2025 preliminary-injunction order (Dkt. 91) to preserve the pre-injunction commercial status quo;

2. Vacate the July 23, 2025 preliminary-injunction order and reconsider and deny the PI on a complete record; or, in the alternative,

3. Rehear the preliminary-injunction proceedings by admitting the previously excluded submissions for PI purposes only, applying the *David* factors on the supplemented record, and setting a brief, focused evidentiary hearing—without prejudice to any party's trial-stage evidentiary or *Daubert* objections; and

4. Grant such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Date: September 25, 2025 | /s/ Ruoting Men |
| | Ruoting Men, Esq. |
| | GLACIER LAW LLP |
| | 506 Second Avenue, Suite 1516 |
| | Seattle, WA 98104 |
| | ruoting.men@glacier.law |
| | 212-729-5049 |
| | ***Attorney for Defendant*** |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this September 25, 2025, I electronically filed the foregoing with the Clerk of Court via CM/ECF, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

/s/ Ruoting Men
Ruoting Men, Esq.