UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Hallmark Licensing LLC, *Plaintiff*, v. Hongkong Yueqi Tech Ltd. d/b/a Homelex, *Defendant* | No. 25 CV 4970 Judge Lindsay C. Jenkins |

### O<small>RDER</small>

Hallmark Licensing filed this lawsuit against many e-commerce storefronts for copyright infringement regarding its product "My Friend Jesus", a stuffed plush Jesus doll. This Order resolves Defendant Hongkong Yueqi Tech Ltd. d/b/a Homelex's motion for reconsideration. The motion is partly granted.

In June 2025, Hallmark filed a motion for a preliminary injunction. With its opposition brief, Homelex included sworn expert declarations from Dr. Candy Gunther Brown and Professor Lynn Rosenblum, as well as a declaration from its founder and owner, Sophia Chen. [Dkts. 54-3, 54-4 and 54-5.][1] Dr. Brown and Rosenblum offered opinions on issues of copyright filtration and substantial similarity; Chen's declaration attested that her Jesus plush doll "was an entirely original and independent creation" based on an independent design process conceived from "personal religious beliefs and [her] study of the Bible." [Dkt. 54-5, ¶ 4.] Because Homelex failed to provide Hallmark with advance copies of these materials, the court declined to consider them and granted the preliminary injunction. [Dkt 91 at 1 n.1.]

After Homelex filed an appeal that it later voluntarily dismissed, this motion for reconsideration followed.

The Federal Rules of Civil Procedure do not specifically provide for a motion to reconsider. Instead, courts construe such motions as either a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from judgment. *Anderson v. Holy See*, 934 F. Supp. 2d 954, 957 (N.D. Ill. 2013), *aff'd sub nom. Anderson v. Cath. Bishop of Chicago*, 759 F.3d 645 (7th Cir. 2014). The substance, rather than the form, of a motion for reconsideration determines whether it should be analyzed under Rule 59(e) or Rule 60(b). *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008).

A Rule 59(e) motion is appropriate where there is newly discovered evidence or the court made a manifest error of fact or law, *Emerson v. Dart*, 109 F.4th 936, 943 (7th Cir. 2024). A Rule 60(b) motion is "designed to address mistakes attributable to

---

[1] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

special circumstances, not to address erroneous applications of law." *Anderson*, 934 F. Supp. 2d at 958. A court may grant a Rule 60(b) motion for six different reasons, including mistake, inadvertence, surprise, or excusable neglect, Fed. R. Civ. P. 60(b)(1). Whether to grant a motion for reconsideration is within the district court's broad discretion. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Homelex's motion is properly analyzed under Rule 60(b). It argues that by excluding the declarations without first conducting at least a harmlessness analysis, "the Court was left with a skewed and incomplete record that did not reflect the material factual disputes central to Plaintiff's likelihood of success." [Dkt. 119 at 2.] This argument falls squarely within Rule 60(b)(1).

### *Exclusion of the Declarations*

Federal Rule of Civil Procedure 37(c)(1) prohibits litigants from introducing information or witnesses, including expert testimony, not disclosed in Rule 26(a) or (e) as evidence, unless the failure to disclose was "substantially justified or is harmless." The Seventh Circuit has instructed courts to consider the following factors when determining whether to exclude testimony under Rule 37: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

Hallmark maintains that the court correctly excluded the declarations because considering them was substantially prejudicial, and alternatively, that the *David* factors favor exclusion. [Dkt. 122 at 6.] As already previewed, the court does not agree. Hallmark ultimately was not harmed by the timing of the declarations, nor does it face unfair prejudice. After the declarations were submitted, it sought additional time to file its reply, and that request was granted. Its reply brief directly engaged with the substance of the declarations, *see* dkt. 84 at 13-20; dkt. 85, meaning that it had a full opportunity to address the matters raised by the declarations. Any prejudice to Hallmark has been reduced if not eliminated given the passage of time. And though the court does not condone Homelex's approach to disclosure, the parties are now fully engaged in fact discovery with expert discovery to follow. None of the other enumerated *David* factors support exclusion under Rule 37: among other things, there is no indication of bad faith or willfulness. In sum, the court should not have excluded the declarations and declines to exclude them now.

### *Preliminary Injunction and an Evidentiary Hearing*

To establish copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

As to the first element, Hallmark retains registered copyright protection over its "Plush Shepherd Toy 1.0", which was secured in 2023. [Dkt. 19, ¶ 17; See 17 U.S.C. § 410(c).] *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994).

Regarding the second element, a court may infer copying from allegations that a defendant had an opportunity to copy the original, and that the works in question are "substantially similar" to each other, or, in other words, "that the two works share enough unique features to give rise to a breach of the duty not to copy another's work." *Peters v. West*, 692 F.3d 629, 633–34 (7th Cir. 2012). Previously, Hallmark argued that Homelex had access to its doll because it was available on hallmark.com as early as 2017. [Dkt. 19, ¶ 4; Dkt. 84 at 4-5.] In its prior order, after applying the "ordinary observer" test, the court concluded that Hallmark had shown that an ordinary, reasonable person viewing the dolls would conclude that Homelex unlawfully appropriated Hallmark's work. Viewing the works side by side, *see* dkt. 84 at 6; dkt. 54 at 10, the dolls have nearly identical facial features—pupil-less, circular eyes; small, slightly arched eyebrows; a line-drawn nose that leans to the right side; a full beard that extends to the chest with a goatee; and a small, line-drawn smile. They also have substantially similar hairstyles parted down the middle with a widow's peak. Both have fingerless hands, and both wear white garb with a light blue sash that extends from the top left shoulder down to the legs. Both are wearing the same two strap Jesus sandals. [Dkt. 91 at 2-3.]

Homelex argues Dr. Brown's and Rosenblum's declarations defeat likelihood of success on the merits. First, it invokes the scènes à faire doctrine,[2] arguing that Dr. Brown's analysis shows how the features described above are not unique expressions attributable to Hallmark, but rather are unprotectable, "generic, public-domain tropes for depicting Jesus that have existed for centuries in religious iconography." [Dkt. 119 at 7; Dkt. 126 at 9.] Second, it argues that Rosenblum's comparison of the remaining protectable elements establishes that the dolls retain important differences in facial geometry, anatomy, and garment construction. [Dkt. 126 at 9.] According to Homelex, this evidence shows that Hallmark's copyright is "thin, covering only its specific, original arrangement of these public-domain elements." [Dkt. 119 at 7-8; Dkt. 126 at 9 (citing *Design Basics, LLC*, 994 F.3d at 890).]

Hallmark disagrees, arguing that Dr. Brown's declaration supports the proposition that there is no "universally agreed tradition of how Jesus should be represented"—even her opinions do not require a blue sash or sandals, among other features. [Dkt. 122 at 15 (highlighting the images within Dr. Brown's declaration).] And Hallmark emphasizes, as it did before, that "it is not the concept of Jesus that Hallmark [] is protecting, but a particular embodiment of that concept." [*Id.*

---

[2] "French for 'scenes of action,'" scènes à faire refers to the standard elements of a genre. *Design Basics LLC v. Signature Construction*, Inc., 994 F.3d 889 n.4 (7th Cir. 2021). *Scènes à faire* are "so rudimentary, commonplace, standard, or unavoidable that they do not serve to distinguish one work within a class of works from another." *Id*.

("Defendant could have designed their own Jesus plush doll that did not copy the protectable expression of the Hallmark Copyrighted Work.")] It also takes issue with the adequacy of Rosenblum's comparison, noting among other things that she based her conclusions on irrelevant information like price. [*Id.* at 16; Dkt. 54-3.]

Setting aside whether disputes about the impact of Dr. Brown's and Rosenblum's declarations could be resolved on the briefs, the court agrees with Homelex that factual disputes about Sophia Chen's declaration counsel in favor of an evidentiary hearing. Though a hearing is not always required prior to the issuance of a preliminary injunction, *see D.P. by A.B. v. Mukwonago Area Sch. Dist.*, 140 F.4th 826, 829 (7th Cir. 2025) (*vacated and reh'g granted on other grounds*, 2025 WL 1794428 (7th Cir. June 30, 2025), it is "if the nonmoving party raises genuine issues of material fact in response to a motion for a preliminary injunction." *Id.* (citing *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 814 (7th Cir. 2002)); *Dexia Crédit Loc. v. Rogan*, 602 F.3d 879, 884 (7th Cir. 2010) (a court "need not conduct an evidentiary hearing unless one is called for as a result of a fact issue created by the response to a motion for a preliminary injunction.") In *Ty, Inc. v. GMA Accessories, Inc.*, for example, the Seventh Circuit observed that a hearing could be warranted where the opposing party demonstrates that it has "and intends to introduce evidence that if believed will so weaken the moving party's case as to affect the judge's decision on whether to issue the injunction." 132 F.3d 1167, 1171 (7th Cir. 1997).

Chen's declaration raises such questions. She attests that she independently created and designed the doll based on "scripture and historical sources," not Hallmark's product. [Dkt. 119 at 8; Dkt. 54-5.] She also points to "contemporaneous design files" dated late 2022—before the case was filed and before Hallmark's copyright protection was officially secured—as corroboration of independent creation. [Dkt. 119 at 9; Dkt. 126 at 8.][3] Though Hallmark urges the court to disregard the design files because those materials were not incorporated or discussed in her declaration, *see dkt.* 122 at 12, it declines to do so given the history and posture of the case. Chen's declaration itself does not explain the files' meaning or significance, so at the very least, testimony about the files from Chen would not be merely cumulative of her declaration. *Ty, Inc.*, 132 at 1171.

At the hearing, Hallmark can challenge Homelex's independent creation evidence, including Chen's failure to discuss the design files in her declaration, the apparent absence of prototype sketches, and the alleged failure to pin down a precise conception date, among other things.[4] An evidentiary hearing will also allow for

---

[3]  Homelex produced these files to Hallmark in June 2025. [Dkt. 119-1.]
[4]  Hallmark argues that the independent creation theory falters because Chen's declaration fails to show she did not copy *anything* or copied something other than the Hallmark's doll. *Susan Wakeen Doll Co. v. Ashton-Drake Galleries*, 272 F.3d 441, 450 (7th Cir. 2001) (a "defendant independently created a work if it created its own work without copying anything or if it copied something other than the plaintiff's copyrighted work.") Chen's "creation story" states that her design was inspired by Bible verses, Christian art and children's Bible illustrations such as The Beginner's Bible. Hallmark observes that The

4

adversarial testing of Dr. Brown and Rosenblum's conclusions on originality, filtration, and similarity methodology, something that will assist the court in its analysis of the preliminary injunction factors.

So for these reasons, the motion for reconsideration is partly granted.

Enter: 25-cv-4970
Date:   November 5, 2025

_____
Lindsay C. Jenkins

---

Beginner's Bible depicts Jesus with pupil eyes, defined fingers, a yellow robe, purple sash, a yellow belt, and brown one-strap sandals. [Dkt. 84 at 18-19; Dkt. 122 at 11-12.]

5