**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HALLMARK LICENSING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SHOP1102721291 STORE, et al.,<br><br>Defendants. | Case No. 25-cv-04970<br><br>**Judge Lindsay C. Jenkins**<br><br>**Magistrate Judge Heather K. McShain** |

# MOTION TO COMPEL

Plaintiff Hallmark Licensing, LLC ("Plaintiff" or "Hallmark") moves this Honorable Court to compel Defendant HONGKONG YUEQI TECH LIMITED d/b/a HOMELEX (Defendant No. 23) ("Defendant") to respond to certain[1] outstanding discovery requests. Specifically, Defendant operates on at least six different platforms, including Temu, TikTok, Instagram, Facebook, YouTube, and Twitter, that advertise, offer for sale, and/or sell the infringing product at issue in this case. Defendant is refusing to provide information for all platforms except Temu. Plaintiff seeks to compel discovery of information pertaining to Defendant's identity and additional stores operated by Defendant that advertised and/or sold infringing products.

## BACKGROUND

### I. PLAINTIFF'S CLAIMS AND REQUEST FOR RELIEF

On May 6, 2025, Plaintiff filed this lawsuit "against the Partnerships and Unincorporated Associations identified on Schedule A" to the Complaint (the "Defendants") who are "offering for sale and/or selling unauthorized and unlicensed products . . . using infringing and counterfeit

[1] Plaintiff reserves the right to move the Court to compel Defendant to respond to other discovery requests at a later date.

versions of Hallmark's federally registered trademarks and/or unauthorized copies of Hallmark's federally registered copyrighted works." [1] at ¶¶ 2-3.

In the Complaint, Plaintiff alleged that "Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A **and/or other seller aliases not yet known to Hallmark**." *Id.* at ¶ 20 (emphasis added). Plaintiff also alleged that Defendants "operate[] under one or more Seller Aliases," "own and/or operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached [to the Complaint]," and "operate under multiple fictious aliases." *Id.* at ¶¶ 3, 21, 29.

Plaintiff's claims included, among other things, copyright infringement of the Hallmark Copyrighted Works pursuant to 17 U.S.C. §§ 106 and 501. *Id.* at ¶¶ 47-55. Plaintiff's prayer for relief requested, among other things, that "[a]s a direct and proximate result of Defendants' infringement of the Hallmark Copyrighted Works . . . Defendants' profits, pursuant to 17 U.S.C. § 504(b)." *Id.* at 20.

## II. LOCAL RULE 37.2 CERTIFICATION

On June 5, 2025, Plaintiff served Defendant with Plaintiff's First Set of Interrogatories ("ROGs"), First Set of Requests for Admission ("RFAs"), and First Set of Requests for the Production of Documents and Things ("RFPs") (collectively, "Plaintiff's Discovery Requests"). Declaration of Jennifer V. Nacht ("Nacht Decl.") at ¶ 2. Pursuant to paragraph 6 of the Temporary Restraining Order [28], responses to Plaintiff's Discovery Requests were due June 10, 2025. [28] at ¶ 6.

Pursuant to Local Rule 37.2, the parties conferred on June 17, 2025, to discuss Defendant's failure to respond to Plaintiff's Discovery Requests. Nacht Decl. at ¶ 3. On June 21, 2025,

Defendant provided its initial discovery responses and production to Plaintiff's Discovery Requests, which were deficient. Nacht Decl. at ¶ 4. *See* [71] at ¶¶ 4-6.

The parties again conferred on October 24, 2025. Nacht Decl. at ¶ 5. Plaintiff requested, among other things, that Defendant provide supplemental responses to ROG Nos. 1-3 and RFP Nos. 1-2, which are reproduced in Table 1 below[2]. *Id.* at ¶ 5.

| Discovery Request No. | Discovery Request |
|---|---|
| ROG No. 1 | Identify Yourself, including, but not limited to, identifying the owner(s) and/or operator(s) of:<br>a) Defendant's E-commerce Store;<br>b) Defendant's Social Media Accounts;<br>Defendant's Financial Accounts |
| RFP No. 1 | Documents, electronically stored information, and things supporting Your answer to Interrogatory No. 1, including registration documents and e-mails for Defendant's E-commerce Store, Your Social Media Accounts, Your Financial Accounts, any e-mail addresses associated with Defendant's E-commerce Store, and any e-mail addresses associated with Your Financial Accounts |
| ROG No. 2 | Identify each and every domain name or E-commerce Store Used by You, or anyone identified in Your response to Interrogatory No. 1 that advertised and/or offered for sale Accused Products to United States residents |
| RFP No. 2 | Documents, electronically stored information, and things supporting your response to Interrogatory No. 2, including each Accused Product listing page and all Accused Product listing images |
| ROG No. 3 | Identify all Accused Products advertised, offered for sale and/or sold by You to the United States since the beginning of this Lawsuit and five years prior, and for each Accused Product provide the: e-commerce store product URL, e-commerce store identification number (e.g. Amazon.com ASIN), product listing title, quantity offered for sale, colors offered for sale, sizes offered for sale, quantity sold, sale date, sale price, any cost deductions and profit |

*Table 1*

As shown in Table 1, these specific requests relate to the identification of the owners and/or operators of the e-commerce store under the seller alias HOMELEX, identification of any e-

[2] ROG Nos. 1-3 and RFP Nos. 1-2 are also attached as Exhibit 1 to the Nacht Decl.

commerce store used by Defendant that advertised and/or offered for sale infringing products to United States residents, and identification of all infringing products that advertised, offered for sale and/or sold infringing products to United States residents.

Defendant objected to "[Plaintiff's] requests for information related to other storefronts (specifically, those identified in your 37.2 letter as ROG No. 2 and ROG No. 3)" and claimed that "the scope of Plaintiff's Complaint . . . is limited to the 'HOMELEX' Temu store." Nacht Decl. at ¶ 6. On October 31, 2025, Defendant provided supplemental discovery responses, which were again deficient. *Id.* at ¶ 7. Defendant stood on its objections regarding other e-commerce stores aside from HOMELEX. *Id.*

Plaintiff certifies that the movant has in good faith attempted to confer with Defendant to obtain the requested responses and document production without court action.

**ARGUMENT**

Defendant has refused to respond to certain discovery requests which seek to identify the full scope and interworking of Defendant's operation. Specifically, Defendant has failed to identify: the owner(s) and/or operator(s) of Defendant's e-commerce store, social media accounts, and financial accounts (ROG No. 1), domains or e-commerce stores used by Defendant to advertise and/or offer for sale infringing products to United States residents (ROG No. 2), and all infringing products advertised, offered for sale, and/or sold by Defendant to United States residents (ROG No. 3). Defendant has also failed to produce documents, electronically stored information, and things supporting Defendant's answers to ROG Nos. 1 and 2 (RFP Nos. 1 and 2). Furthermore, neither of Defendant's initial responses nor supplemental responses to Plaintiff's ROGs were signed by the person who answered the ROGs, as required by the Federal Rules of Civil Procedure.

Plaintiff is unable to engage in meaningful discovery in this case without Defendant identifying the e-commerce stores (and its owners and/or operators) which advertise, offer for sale,

and sell products which infringe the Hallmark Copyrighted Work. These requests are relevant to Plaintiff's claim of copyright infringement and Plaintiff's requested relief for Defendant's infringing profits pursuant to 17 U.S.C. § 504(b). Accordingly, Plaintiff respectfully requests the Court compel Defendant to fully respond to ROG Nos. 1-3 and RFP Nos. 1-2, including a verification page signed by Defendant.

## I. LEGAL STANDARD

Rule 37 provides that a party may seek to compel discovery where a responding party refuses to provide requested documents or information. Fed. R. Civ. P. 37(a)(3)(B)(iv). Courts adopt a liberal interpretation of the discovery rules when ruling on a motion to compel. *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006).

Under the Federal Rules of Civil Procedure, Plaintiffs are entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" and "is not limited to issues raised by the pleadings." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In other words, "[r]equests for discovery are relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Kodish.*, 235 F.R.D. at 450.

An interrogatory response generally should be complete in and of itself and stand on its own. *Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA Inc.*, 2020 WL 1701861, at *6 (N.D. Ill. Apr. 8, 2020) (internal citations omitted) (further explaining that an interrogatory response "should not refer to pleadings, depositions, other documents, or other interrogatories, especially when such references make it impracticable to determine whether an adequate answer has been given without cross-checking comparison of answers."). Additionally, pursuant to Fed. R. Civ. P.

33(b)(5), "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections."

When responding to a request for production, the responding party must produce the requested records—or "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B); *Kinon Surface Design v. Hyatt Int'l Corp*., No. 19 C 7736, 2021 U.S. Dist. LEXIS 149893, at *8 (N.D. Ill. Aug. 10, 2021). If objecting to a request, the burden "rests upon the objecting party to show why a particular discovery request is improper." *Kodish.*, 235 F.R.D. at 449-50; *see also Yessenow v. Hudson*, 270 F.R.D. 422, 427 (N.D. Ind. 2010) ("The objecting party must show with specificity that the request is improper.").

If a responding party maintains a request is overly broad, it must still "produce any responsive documents to which the requesting party is clearly entitled, explain the scope of that production, and then state unequivocally that additional responsive documents are being withheld based on the overbreadth objection." *Midkiff v. Navient Sols., Inc.*, 2021 WL 3810356, at *10 (S.D. Ind. Aug. 26, 2021). "Producing only those documents that are deemed helpful to the producing party's litigation position—parsing out the bad from the good—is, of course, impermissible. A litigant cannot limit its discovery so as to ascribe unto itself the role of judge and jury." *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 378 (S.D. Ind. 2009).

## II. PLAINTIFF'S DISCOVERY REQUESTS ARE RELEVANT TO ITS COPYRIGHT INFRINGEMENT CLAIM AND REQUESTED RELIEF

### A. Identification of Defendant's E-Commerce Store, Social Media Accounts, and Financial Accounts

ROG No. 1 requests that Defendant identify the owner(s) and/or operator(s) of Defendant's e-commerce store, social media accounts, and financial accounts. Nacht Decl. at ¶ 2. RFP No. 1 requests "[d]ocuments, electronically stored information, and things supporting Your answer to

Interrogatory No. 1," which includes at least registration documents for Defendant's e-commerce store, social media accounts, and financial accounts. Nacht Decl. at ¶ 2.

In its initial discovery responses, Defendant failed to identify the owner or operator of Defendant's E-commerce Store, claimed that Defendant has no social media accounts, and objected to identifying the owner or operator of Defendant's financial accounts as "harassing and seeks confidential, private financial information that is not relevant to any claim or defense in this action." Nacht Decl. at ¶ 4. In its supplemental discovery responses, Defendant responded that HONGKONG YUEQI TECH LIMITED is the owner of the e-commerce store HOMELEX and "[t]he operator of the HOMELEX store provided the factual information contained in Defendant's discovery responses," which is not a responsive answer.[3] Nacht Decl. at ¶ 7. Defendant's supplemental discovery responses were silent regarding Defendant's social media accounts and financial accounts. *Id.*

Defendant seemingly operates accounts on at least six different platforms, Temu, TikTok, Instagram, Facebook, YouTube, and Twitter, all of which advertise, offer for sale, and/or sell the infringing product at issue in this case. Nacht Decl. at ¶¶ 4, 8. Accordingly, the owner and/or operator of the social media accounts is relevant to Plaintiff's claim of copyright infringement. The owner and/or operator of Defendant's e-commerce store (HOMELEX) is relevant to the person(s) and entit(ies) who are liable for Plaintiff's claim of copyright infringement. Finally, the owner and/or operator of Defendant's financial accounts is relevant because it relates to Plaintiff's requested relief of Defendant's infringing profits pursuant to 17 U.S.C. § 504(b). Accordingly,

[3] The only signee of both Defendant's initial and supplemental responses to Plaintiff's Discovery Requests is Ruoting Men, counsel for Defendant. Nacht Decl. at ¶ 4, 7. Defendant objected to, and did not provide a response to, ROG No. 10, which asked to "[i]dentify all persons, other than counsel, who participated, or were consulted, in responding to these Interrogatories." Nacht Decl. at ¶ 4. Accordingly, Defendant has failed to identify the operator of HOMELEX.

Plaintiff respectfully request the Court compel Defendant to fully respond to ROG No. 1 and RFP No. 1.

**B. Identification of Domains and E-Commerce Stores Used by Defendant to Advertise and/or Offer to Sell Infringing Products**

ROG No. 2 requests that Defendant "[i]dentify each and every domain name or E-commerce Store" Defendant, or any person or entity identified in response to ROG No. 1, used to advertise and/or offer for sale infringing products to United States residents. Nacht Decl. at ¶ 2. RFP No. 2 requests "[d]ocuments, electronically stored information, and things supporting Your answer to Interrogatory No. 2," which includes at least the product listing pages for the infringing product and listing images of the infringing products. *Id*. at ¶ 2.

In its initial discovery responses, Defendant only identified one e-commerce store, HOMELEX. *Id*. at ¶ 2. During the October 24, 2025, meet-and-confer Plaintiff questioned Defendant regarding other e-commerce stores Defendant uses to sell its infringing products. *Id*. at ¶ 5. In particular, Plaintiff asked Defendant about an Amazon e-commerce store "YELAKEY Official Store," that has sold at least 318 units of the infringing product at issue in this case according to Amazon. *Id*. Plaintiff also questioned defendant regarding the website yelakey.com, which advertises the infringing products at issue in this case and also directs users to the YELAKEY Official Store to purchase the infringing products. *Id.*

In its supplemental discovery responses, Defendant stood on its objections regarding other e-commerce stores aside from HOMELEX, incorrectly claiming that "Plaintiff's Complaint in this action is narrowly circumscribed, alleging copyright infringement based on the sale of a single product listing on a single e ecommerce store: the HOMELEX store on the Temu platform." Nacht Decl. at ¶ 7. Defendant claims in its supplemental discovery responses that the YELAKEY

Official Store "is an authorized seller of certain copyrighted products" and "operated by an independent, non-party entity." *Id.*

However, evidence shows that YELAKEY Official Store is owned and/or operated by HONGKONG YUEQI TECH LIMITED. In its Local Rule 3.2 Notification of Affiliates, Defendant identified that Shujuan (Sophia) Chen owns more than 5% of HONGKONG YUEQI TECH LIMITED. [127]. Sophia Chen also provided in her Declaration that she is the founder and owner of HONGKONG YUEQI TECH LIMITED. [54-5] at 1. As shown in Figure 1, Defendant's infringing product is sold under the registered trademark YELAKEY. Nacht Decl. at ¶ 9; [85-1].







*Figure 1*

Reg. No. 7,181,647 for the YELAKEY mark was filed by "Shujuan Chen," and subsequently assigned to HONGKONG YUEQI TECH LIMITED. Nacht Decl. at ¶ 10. Accordingly, the YELAKEY Official Store appears to be an e-commerce store owned and/or operated by Defendant.

The e-commerce stores Defendant uses to advertise, offer for sale, and sell its products, including the infringing product at issue in this case, is relevant to Plaintiff's copyright

infringement claim. Plaintiff requests that the Court compel Defendant to fully respond to ROG No. 2 and RFP No. 2.

### C. Identification of all Infringing Products Advertised, Offered for Sale, and/or Sold by Defendant to the United States

ROG No. 3 requests that Defendant to identify all infringing products it "advertised, offered for sale and/or sold" to the United States from the beginning of this action and five years prior, and for each infringing product, identify "e-commerce store product URL, e-commerce store identification number (e.g. Amazon.com ASIN), product listing title, quantity offered for sale, colors offered for sale, sizes offered for sale, quantity sold, sale date, sale price, any cost deductions and profit." Nacht Decl. at ¶ 2.

In its initial discovery responses, Defendant only identified one infringing product, the product identified by Plaintiff. Nacht Decl. at ¶ 4. Defendant declined to provide much of the requested information in its initial response to ROG No. 3, including profit, claiming it was "legal and accounting conclusion and is therefore improper for an interrogatory." Nacht Decl. at ¶ 4.

In its supplemental discovery responses, Defendant incorporated its objections from its initial discovery responses, and further objected that "the scope of proper discovery in this action is limited to the Accused Product sold on the HOMELEX e-commerce store as identified in Plaintiff's Complaint." Nacht Decl. at ¶ 7.

The identification of products which infringe the Hallmark Copyrighted Work is relevant to Plaintiff's claims of infringement of the Hallmark Copyrighted Work. Further, information relating to the quantity sold, sale date, sale price, any cost deductions and profit of said infringing products is related to Plaintiff's request for Defendant's infringing profits pursuant to 17 U.S.C. § 504(b). Accordingly, Plaintiff respectfully request the Court compel Defendant to fully respond to ROG No. 3.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to compel Defendant to fully respond to ROG Nos. 1-3 and RFP Nos. 1-2, including a verification page signed by Defendant.

Dated this 5th day of November 2025.

Respectfully submitted,

/s/ Jennifer V. Nacht

Amy C. Ziegler
Justin R. Gaudio
Jennifer V. Nacht
Madeline B. Halgren
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jnacht@gbc.law
mhalgren@gbc.law

*Counsel for Plaintiff Hallmark Licensing, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of November 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the attorneys of record in the case.

/s/ Jennifer V. Nacht
Amy C. Ziegler
Justin R. Gaudio
Jennifer V. Nacht
Madeline B. Halgren
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jnacht@gbc.law
mhalgren@gbc.law

*Counsel for Plaintiff Hallmark Licensing, LLC*